**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. G. NEIL GARRETT, DDS, PC,<br>on behalf of itself and a class,<br><br>       Plaintiff,<br><br>       v.<br><br>COMMUNITECT, INC., doing business as<br>SOLUTION REACH<br>and JOHN DOES 1-10,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Dr. G. Neil Garrett, DDS, PC brings this action to secure redress for the actions of defendant Communitect, Inc., doing business as Solution Reach, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**PARTIES**

3.      Plaintiff Dr. G. Neil Garrett DDS, PC, is an Illinois professional corporation with offices in Lake Villa, Illinois, where it maintains telephone facsimile equipment.

4.      Defendant Communitect, Inc., doing business as Solution Reach, is a Utah limited

liability company that has offices at 3340 N. Center Street, Suite 500, Lehi, Utah 84043. Its

registered agent and office is Jim Higgins, 3098 Executive Pkwy., Suite 300, Lehi, Utah 84043.

5.      Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below. Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow

Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*,

427 F.3d 446  (7th Cir. 2005).

7.      This Court also has jurisdiction under 28 U.S.C. §§1332(d) (Class Action

Fairness Act). Defendant is of diverse citizenship to at least one class member.  On information

and belief, based on the economics of junk faxing, the number of class members exceeds 100.

On information and belief, based on the economics of junk faxing and the apparent target

audience of the faxes, the total amount in controversy, on a classwide basis, exceeds $5 million.

(At $1500 per fax, this is satisfied if  more than 3,334 faxes were sent; since at the typical rates

charged for fax advertising, this would only cost $50 to $100, it makes little or no sense to send

fewer faxes.)

8.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

      a.      Have committed tortious acts in Illinois by causing the transmission of
              unlawful communications into the state.

      b.      Have transacted business in Illinois.

9.       Venue in this District is proper for the same reason.

## FACTS

10.     On June 27, 2013, plaintiff Dr. G. Neil Garrett, DDS, PC  received the unsolicited

fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

11.     Discovery may reveal the transmission of additional faxes as well.

2

12. Defendant Communitect, Inc., doing business as Solution Reach, is responsible for sending or causing the sending of the faxes.

13. Defendant Communitect, Inc., doing business as Solution Reach, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

14. Defendant Communitect, Inc., doing business as Solution Reach either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

15. Each fax refers to a website registered to defendant Communitect, Inc., doing business as Solution Reach.

16. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

17. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

18. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

19. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

20. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

21. Plaintiff incorporates ¶¶ 1-20.

22. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

3

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

25.     Plaintiff and each class member is entitled to statutory damages.

26.     Defendants violated the TCPA even if their actions were only negligent.

27.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Communitect, Inc., doing business as Solution Reach,  (c) were sent faxes by or on behalf of defendant Communitect, Inc., doing business as Solution Reach promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

29.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

30.     There are questions of law and fact common to the class that predominate over

4

any questions affecting only individual class members.  The predominant common questions
include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax
advertisements;

        b.     The manner in which defendants compiled or obtained their list of fax
numbers;

        c.     Whether defendants thereby violated the TCPA;

        d.     Whether defendants thereby engaged in unfair  acts and practices, in
violation of the ICFA.

        e.     Whether defendants thereby converted the property of plaintiff.

31.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has
retained counsel experienced in handling class actions and claims involving unlawful business
practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not
to vigorously pursue this action.

32.     Plaintiff's claims are typical of the claims of the class members.  All are
based on the same factual and legal theories.

33.     A class action is the superior method for the fair and efficient adjudication of this
controversy.  The interest of class members in individually controlling the prosecution of
separate claims against defendants is small because it is not economically feasible to bring
individual actions.

34.     Several courts have certified class actions under the TCPA. *Sadowski v. Med1
Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design
Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred
Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,*
10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);
*Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters,*

*LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

35.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.      Actual damages;

      b.      Statutory damages;

      c.      An injunction against the further transmission of unsolicited fax advertising;

      d.      Costs of suit;

      e.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

36.     Plaintiff incorporates ¶¶ 1-20.

37.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815

6

ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

38.      Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

39.      Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

40.      Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

41.      Defendants engaged in such conduct in the course of trade and commerce.

42.      Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

43.      Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

44.      Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

45.      Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Communitect, Inc., doing business as Solution Reach, (c) were sent faxes

7

by or on behalf of defendant Communitect, Inc., doing business as Solution Reach promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

46. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

47. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

> b. Whether defendants thereby violated the TCPA;

> c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

> d. Whether defendants thereby converted the property of plaintiff.

48. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

49. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

51. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

52.     Plaintiff incorporates ¶¶ 1-20.

53.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

54.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

55.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

56.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

57.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

58.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

59.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five

9

years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Communitect, Inc., doing business as Solution Reach, (c) were sent faxes by or on behalf of defendant Communitect, Inc., doing business as Solution Reach promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

60.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

61.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.     Whether defendants thereby violated the TCPA;

    c.     Whether defendants thereby committed the tort of conversion;

    d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e.     Whether defendants thereby converted the property of plaintiff.

62.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

63.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

64.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring

individual actions.

65.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

12